## John Gwinneth *versus* Jacob Thompson.

If .enants in common of a mill-dam make repairs on it together, and one contributes more than his proportion of the expense, he may recover the excess from his cotenant in an action of assumpsit.

Assumpsit to recover of the defendant his proportion of the expense of repairs done on a mill-dam owned by the plaintiff, the defendant and one Pratt, as tenants in common, and occupied by them. Plea, the general issue.

Gwinneth
*v.*
Thompson.

At the trial, before *Morton* J., the plaintiff offered evidence to show the respective proportions in which the parties used the dam, and that the repairs were made. Thompson furnished materials and performed labor while the repairs were made by them, and Pratt kept an account of the repairs done by each ; and after the repairs were completed the defendant called on Pratt and an estimate was made of the amount done by each. Thompson paid Pratt the amount of Pratt's excess over and above his proportion, and in this adjustment the defendant claimed and had the benefit of repairs done by the plaintiff, so far as they tended to increase the proportion of Pratt and diminish the amount to be paid by Thompson.

Whereupon the defendant consented to be defaulted ; the default to be set aside and a new trial granted, if the Court should be of opinion that the foregoing statement furnishes no evidence of a promise on the part of the defendant to pay the plaintiff the amount of the excess of his expense over his proportion ; and if the default should not be set aside, the damages to be assessed by the Court.

*Oct.* 22*d.*    *Wood* and *Eddy*, for the defendant. No promise can be inferred from the evidence in the case. Assumpsit for work and labor does not lie by a tenant in common against his cotenant. In the case of mills, the co-tenant repairing must proceed and have his remedy either according to *St.* 1795, *c.* 74, or according to some special agreement.

*W. Baylies* and *Beal*, for the plaintiff. The statute applies only where a co-tenant neglects or refuses to repair.

This action is founded on the implied promise or undertaking of the defendant. The repairs were done at his request, and the law raises a promise to pay the value. The request may be by implication. *Oatfield* v. *Waring*, 14 Johns. R. 188 ; *Harrison* v. *Sawtel*, 10 Johns. R. 243 ; *Doty* v. *Wilson*, 14 Johns. R. 378. Here the defendant is not only benefited by the repairs, to the extent to which the plaintiff seeks to charge him, but in his settlement with Pratt he claims and has allowed to him a benefit resulting from the plaintiff's expenditures.

*Oct.* 24*th.*    The *Court* said, that if a tenant in common has expended money for the general benefit and it does not bring in ques-

...on the title to the land,[1] he may recover in assumpsit of his co-tenant the sum expended by him beyond his just proportion.[2]

---

[1] See *Miller* v. *Miller*, 7 Pick. (2d ed.) 136, note 1.
See 4 Kent's Comm. (3d ed.) 370, 371.